WALDO, 1851. — State *versus* Jewell & *als.*

Indictment for murder.

The case did not involve the decision of any legal question to be reported.

It may, however, be well to present a sketch of the proceeding in the impannelment of the jury, both as a matter of practice and as showing, though to a small extent, the sentiments of the community on the subject of capital punishment.

Thirty-six jurors were called. To each one the oath was administered, to make true answers to such questions as should be asked by the Court or by their order. The questions which the prisoner's counsel then put to most of them were, in substance, whether they had formed or expressed any opinion as to the innocence or guilt of the prisoners, and whether they were conscious of any bias or prejudice against them.

The inquiries then made by the counsel for the State, were in substance, in most of the cases, whether the juror had any conscientious scruples which would prevent him from returning a verdict against the prisoners, if the proof should show them to be guilty ; and whether he was related to either of the prisoners.

It was permitted to both parties to ask, in various forms of language, whether the juror was conscious of any such bias or preference as to prevent his acting with impartiality, and whether he had heard, read or conversed upon the subject ; together with such connected questions as should elicit the views and feelings of the juror upon the subject matter.

Of the thirty-six, who were thus examined on the *voir dire*, there appeared to be twenty-five who had not formed such an opinion of the innocence or guilt of the prisoners, and who did not entertain such conscientious scruples, as to disqualify them to try the case. Of these, thirteen were challenged peremptorily and the other twelve were sworn as jurors. Three of the twenty-five, were opposed to the law, inflicting capital punishment in any case ; but, believing it to be the duty of each citizen to acquiesce in the existing laws of the land, they said they should have no conscientious scruples in returning a verdict of guilty, if such should be the proof.

The remaining eleven were set aside by the Court, four of them having formed opinions as to the guilt of the prisoners ; — six of them being conscientiously scrupulous of returning a verdict of guilty, in any case where the death penalty might be inflicted ; —

the other merely stating, without offering the ground of his objection, that he could not return a verdict of guilty, in any case, where the punishment might be death.

One of the prisoners was acquitted, the jury finding him to have been insane. The other was convicted of "manslaughter," and sentenced to seven years confinement at hard labor in the State Prison.

---

*Keene*, for defendant, moves for an indorser to a writ, and offers a witness to prove that the plaintiff is resident at Chicago.

The witness stated that the plaintiff's wife lived with witness after the plaintiff went off, that she received two letters from her husband, requesting her to come to him at Chicago ; and that she went, in December last.

THE COURT ordered that an indorser be furnished by the middle of vacation.